IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| White Cap Beach House, LLC, | ) | Case No.: 4:23-cv-03952-JD |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| The City of North Myrtle Beach, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Before the Court is Plaintiff White Cap Beach House, LLC's ("Plaintiff" or "White Cap Beach House") Motion to Alter or Amend the Court's March 13, 2025, Order (DE 40). (DE 42.) The City of North Myrtle Beach ("Defendant" or "the City") has responded in opposition. (DE 43.) For the reasons below, the motion is denied.

## I.    BACKGROUND

This case arises from Plaintiff's efforts to construct a non-shore-perpendicular dune walkover with a gazebo structure on property located at 1301 South Ocean Boulevard within the City of North Myrtle Beach, South Carolina. Plaintiff, through its sole member Derek Blackwell, sought to develop this coastal property by installing a wooden ramp, covered deck, sand fencing, and dune vegetation. (DE 40.)

On or about February 7, 2020, Plaintiff applied for and later received a general permit (Permit-I) from the South Carolina Department of Health and Environmental Control Office of Ocean and Coastal Resource Management ("OCRM"), authorizing construction of a 6-foot-wide wooden ramp leading to a 12-foot by 12-foot covered

wooden deck, subject to conditions requiring that walkways over dunes be shore-perpendicular, as mandated by South Carolina Code Ann. Regulations § 30-13(O)(1)(h). (*Id.*) The OCRM permits expressly provided that they did not relieve the permittee from complying with all applicable local laws, ordinances, and zoning regulations. (*Id.*)

Following receipt of OCRM approval, Plaintiff submitted a series of building permit applications to the City between October 2020 and December 2022. These applications proposed various configurations of angled dune walkovers and a covered gazebo seaward of the OCRM baseline. (*Id.*) The City repeatedly stopped or denied these applications, citing deficiencies including noncompliance with the shore-perpendicular requirement, absence of structural designs, lack of ownership over portions of the property subject to proposed construction, and conflicts with the City's obligations under a Project Cooperation Agreement with the United States Army Corps of Engineers for periodic beach renourishment. (*Id.*) The City consistently advised Plaintiff that roofed structures seaward of the OCRM baseline were impermissible due to concerns over storm debris and interference with federally funded renourishment operations. (*Id.*)

In December 2022, following Plaintiff's demands for an appeals process, the City enacted Resolution 22-12, which established an administrative review mechanism authorizing the City Manager to consider appeals from permit-related decisions involving areas subject to OCRM jurisdiction and the renourishment zone. (DE 40.) Plaintiff pursued an appeal under this procedure, and on January 16, 2023,

the City Manager issued a detailed decision denying the appeal. The decision cited Plaintiff's failure to comply with OCRM permit conditions requiring a shore-perpendicular walkway, the absence of ownership or easement rights necessary to construct within the perpetual easement area, and the City's contractual obligations under its agreement with the Army Corps. (*Id.*)

Plaintiff thereafter commenced this action, asserting eleven causes of action, including claims under the Fourteenth Amendment, preemption theories under state law, and requests for declaratory and injunctive relief. (*Id.*) Following discovery, both parties moved for summary judgment on July 1, 2024. (DE 26; DE 27.) Despite being granted multiple extensions, Plaintiff failed to file any response in opposition to the City's cross-motion for summary judgment. (DE 40.) By Order dated March 13, 2025, this Court denied Plaintiff's motion for partial summary judgment and granted the City's motion, thereby resolving all claims on the merits. (*Id.*)

Plaintiff now moves pursuant to Rule 59(e) of the Federal Rules of Civil Procedure to alter or amend the judgment. Plaintiff contends that the City's reliance on an uncodified "long-standing policy" barring roofed structures seaward of the OCRM baseline, the ad hoc nature of its appeals process, and its purported override of OCRM's permitting authority constitute clear error of law or manifest injustice. (DE 42.) The City opposes the motion, arguing that Plaintiff merely reasserts arguments that were or could have been raised before judgment and fails to satisfy the stringent standard governing Rule 59(e) relief. (DE 43.)

## II.     LEGAL STANDARD

"A district court has the discretion to grant a Rule 59(e) motion only in very narrow circumstances." *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002). Specifically, the Court may reconsider its prior order only "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994) (quoting another source).

"Clear error occurs when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. Harvey*, 532 F.3d 326, 336–37 (4th Cir. 2008) (internal quotation marks omitted); *see also United States v. Martinez–Melgar*, 591 F.3d 733, 738 (4th Cir. 2010). Manifest injustice occurs when the court "has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension . . . ." *Campero USA Corp. v. ADS Foodservice*, LLC, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012) (citations omitted).

## III.     DISCUSSION

Plaintiff does not identify any intervening change in controlling law or present any new evidence that was previously unavailable. (DE 42.) Rather, Plaintiff argues that the Court committed clear legal error and must amend the judgment to prevent manifest injustice, contending that the City's reliance on an uncodified "long-standing policy," its creation of an appeals process after Plaintiff demanded one, and

its purported override of OCRM permitting authority deprived Plaintiff of due process and violated principles of state preemption. (DE 42.)

However, Plaintiff's arguments fail to satisfy the exacting standard for Rule 59(e) relief. As this Court already found on summary judgment, the City's actions were supported by multiple sources of authority, including its obligations under its Project Cooperation Agreement with the United States Army Corps of Engineers and its local ordinance requiring compliance with OCRM guidelines. (DE 40.) The City consistently relied on South Carolina Code Ann. Regulations § 30-13(O)(1)(h), which mandates that walkways over dunes be shore-perpendicular, and on its own Code of Ordinances incorporating those standards. (*Id.*) The City also exercised its traditional land use authority in refusing to allow roofed structures seaward of the OCRM baseline, citing reasonable concerns about storm debris and visibility, all of which are within the legitimate scope of municipal police power. (*Id.*)

Plaintiff's claim that the appeals process was impermissibly ad hoc does not establish clear error or manifest injustice. Due process is inherently flexible and requires only such procedural protections as the particular situation demands. (DE 40.) *See D.B. v. Cardall*, 826 F.3d 721, 743 (4th Cir. 2016). The City provided Plaintiff with notice and an opportunity to be heard through its City Manager's detailed review, which satisfied due process under the circumstances. (DE 40.) Plaintiff's disagreement with the outcome does not render the procedure unconstitutional, nor does it warrant post-judgment relief. (DE 43.)

Finally, Plaintiff's argument that the City's actions were preempted by state law was considered and rejected on the merits. (DE 40.) The South Carolina Coastal Tidelands and Wetlands Act explicitly encourages local governments to exercise their full authority over coastal lands and waters. *See* S.C. Code Ann. § 48-39-20(C). Plaintiff has not demonstrated that the City's actions irreconcilably conflicted with state permitting statutes or that the City exceeded its powers under South Carolina law. (DE 40.)

In short, Plaintiff's motion does not present any new facts, new controlling law, or clear legal error that would justify disturbing the prior judgment. Instead, it attempts to re-litigate issues already decided or to advance arguments that could have been raised prior to the entry of judgment. (DE 43.) Under well-established Fourth Circuit precedent, this is insufficient to invoke the extraordinary relief afforded by Rule 59(e). (DE 40.)

## IV.    CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff has failed to demonstrate any intervening change in controlling law, the existence of new evidence previously unavailable, or a clear error of law resulting in manifest injustice that would justify altering or amending the judgment under Rule 59(e). (DE 42; DE 43.) Accordingly, Plaintiff's Rule 59(e) motion does not satisfy the rigorous standard for post-judgment relief and must be denied. (DE 40.)

**IT IS THEREFORE ORDERED** that Plaintiff White Cap Beach House, LLC's Motion to Alter or Amend the Judgment pursuant to Rule 59(e) of the

Federal Rules of Civil Procedure (DE 42) is **DENIED**.

Joseph Dawson, III
United States District Judge


Florence, South Carolina
July 9, 2025